**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALBERT DANIELS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-01819-M (BF)** |
| | § | |
| **FEDERAL HOME LOAN MORTGAGE** | § | |
| **CO., A/K/A FREDDIE MAC AND** | § | |
| **AFFILIATES, COUNTY COURT AT LAW** | § | |
| **NO. 3, ITS OFFICERS, ASSOCIATES,** | § | |
| **ETC., JUSTICE OF THE PEACE PRE 4-2,** | § | |
| **DALLAS COUNTY SHERIFF'S DEPT** | § | |
| **OF DALLAS COUNTY, TEXAS,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. On September 11, 2012, this Court entered an Order (doc. 7) denying without prejudice Defendant Federal Home Loan Mortgage Corporation's ("Defendant") Motion to Dismiss, and granting Defendant's alternative Motion For a More Definite Statement (doc. 3). In the Order, this Court gave Plaintiff fourteen days in which to file an amended complaint. Plaintiff's amended complaint should have been filed by September 25, 2012. However, as of the date of these findings, Plaintiff still has not filed an amended complaint. Thus, this Court vacates its previous Order denying Defendant's Motion to Dismiss, and recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's claims against Defendant with prejudice.

## Background

This lawsuit concerns Plaintiff's right, title, and interest in property located at 1026 Lodema Lane, Duncanville, Texas 75116 (the "Property"). Plaintiff originally brought this action in the 14th Judicial District Court of Dallas County, Texas. However, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant removed the case to this Court.[1] This Court has jurisdiction over the matter because under 12 U.S.C. § 1452(f), Defendant has the absolute right to remove any civil action to which it is a party, regardless of the citizenship of the parties or the amount in controversy. *See* 12 U.S.C. § 1452(f).

On June 5, 2012, Plaintiff filed his Application and Affidavit for Temporary Restraining Order and Permanent Injunction on Foreclosure and Application of Bill of Review Due to Extrinsic Fraud and Hardship ("Petition"). (Def.'s Notice of Removal, Ex. B2.) In his Petition, Plaintiff seeks a temporary restraining order and other injunctive relief to enjoin Defendant from executing a writ of possession and evicting Plaintiff from the Property. (*Id.* at ¶¶ 6-7.)

## Standard of Review

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant

---

[1] The Court notes that Defendant Federal Home Loan Mortgage Corporation is the only defendant who filed the notice of removal. The other defendants did not join in on the removal and were not required to under the removal statute, as they were never served by Plaintiff. *See* 28 U.S.C. § 1446(b)(2)A).

2

may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV.
P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief"
requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action
is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a
right to relief above the speculative level. *Id.* Moreover, if "the plaintiff has failed to plead with
particularity after repeated opportunities to do so," a court may dismiss a claim that fails to meet the
pleading requirements without granting the plaintiff leave to amend his complaint again. *Hart v.
Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of
success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United
States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot
look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197
F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it.
*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## Analysis

A temporary restraining order is an extraordinary form of relief that a court can only grant
if a movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the
> merits; (2) there is a substantial threat that irreparable harm will result
> if the injunction is not granted; (3) the threatened injury [to the movant]
> outweighs the threatened harm to the defendant; and (4) the granting of
> the preliminary injunction will not disserve the public interest.

*Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2012 WL 3848122, *2 (N.D. Tex. Sept. 5, 2012) (quoting *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir.1987); *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (*en banc*)). The movant carries the burden of clearly establishing all four elements before a temporary restraining order or preliminary injunction may issue. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir.1985). Granting a temporary restraining order should be the exception, not the rule. *Id.* at 621-22 (citation omitted).

Plaintiff's Petition is devoid of any factual allegations which would support his request for injunctive relief. Likewise, Plaintiff's Petition is lacking any substantive causes of action. Plaintiff claims that the Writ of Possession that was issued on the Property was unlawful, however, he provides no facts to demonstrate how or why the writ was unlawful. (Pl.'s Pet. at ¶¶ 3, 6.) Instead, Plaintiff makes the conclusory statement that "[a]pplicant's interest in property has been wrongfully and unlawfully challenged by the writ of possession due to Applicant['s] interest in the property." (*Id.* at ¶ 3.) Nonetheless, Plaintiff fails to allege any facts that demonstrate that he still has an interest in the property, or that he ever did. Plaintiff does concede that he still has possession of the Property and that he has not been evicted yet. (*See id.* at ¶ 4.) However, he fails to state why he should not be evicted or provide any of the circumstances surrounding the Writ of Possession. Thus, the Court is unable to determine whether the Writ of Possession is unlawful.

Additionally, it appears that Plaintiff is alleging fraud and misrepresentation against Defendant. However, Plaintiff again fails to allege any facts which would demonstrate a cause of action for fraud or misrepresentation. Plaintiff claims that he " was not able to get relief due to fraud and misrepresentation under a conflict in Jurisdiction with judicial officers for unlawful enrichment"

4

and that he "tried to contact the interested parties." (*Id.* at ¶¶ 3-4.) In order to state a cause of action

for fraud under Texas law, a plaintiff must demonstrate: (1) a material representation was made by

the speaker; (2) the representation was false; (3) he knew it was false when he made it, or he made

it recklessly without any knowledge of its truth and as a positive assertion; (4) he made it with the

intent that the other party would act upon it; (5) the other party acted in reliance on the

representation; and (6) the other party suffered injury thereby. *Italian Cowboy Partners, Ltd. v.*

*Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). Plaintiff claims fraud and

misrepresentation, however, he fails to allege what statement was actually made and who made the

statement. Accordingly, there simply are no facts for which this Court could find that Defendant

committed fraud.

Similarly, to allege a cause of action for negligent misrepresentation under Texas law, a

plaintiff must show: (1) a representation was made by the defendant in the course of his business, or

in a transaction wherein he has a pecuniary interest; (2) the defendant supplied "false information"

to guide others in their business; (3) the defendant failed to exercise reasonable care or competence

in obtaining or communicating the information; and (4) plaintiff justifiably relied on the

representation and thereby suffered pecuniary loss. *Van Marcontell v. Jacoby*, 260 S.W.3d 686, 691

(Tex. App. 2008). Thus, Plaintiff would still need to allege sufficient facts that a statement was made,

the statement was false, and Defendant made that statement. Plaintiff clearly has failed to meet his

burden.

Even assuming, *arguendo,* that by stating that he "tried to contact the interested parties",

Plaintiff is alleging fraud by Defendant's failure to act, Plaintiff would still need to demonstrate non-

disclosure of a material fact. *See Oler v. State,* 998 S.W.2d 363, 369 (Tex. App. 1999)

("nondisclosure of a material fact, in order to obtain what one would otherwise not be able to obtain, can constitute fraud"). Plaintiff fails to allege that Defendant withheld any material facts from him. This Court is unable to discern any misconduct of Defendant, and Plaintiff has failed to allege any facts that would demonstrate a plausible claim for fraud or misrepresentation.

Finally, it appears that Plaintiff is claiming a violation of his constitutional rights. However, again, Plaintiff does not allege what rights were violated or any facts to support such an assertion. Instead, Plaintiff claims that he has "reserved all right from being a defendant due to infringement violations on individual rights that are protected by The Declaration of Independence of 1776 and the Original Constitution of 1776. Under the Bill of Rights 1-10 and a writ of right." (Pl.'s Pet. at ¶ 3.) This Court is unable to decipher this allegation or construe it as a valid cause of action against Defendant.

The Court is unable to find a substantial likelihood that Plaintiff will prevail on the merits of the case as required for injunctive relief. Plaintiff fails to allege sufficient facts to establish facial plausibility, and his conclusory allegations do not meet the requirements for a temporary restraining order or injunction. *See Preston*, 2012 WL 3848122, at *2 ("[u]nsupported conclusory statements . . . are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction") (citing *Hunt v. Bankers Trust Co.*, 646 F.Supp. 59, 66 (N.D. Tex. 1986)).

Moreover, a request for injunctive relief under Texas law is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex.App. 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiff has failed to state a valid cause of action against

Defendant, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive relief fails as a matter of law.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendant's Motion to Dismiss (doc. 3) and dismiss Plaintiff's claims against Defendant with prejudice because Plaintiff failed to state a valid cause of action against Defendant.

SO RECOMMENDED, October 29, 2012.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).